IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

COURTNEY BOYD, #208921,          :

    Plaintiff,               :

vs.                              :    CIVIL ACTION 11-0229-CG-B

WARDEN TONEY, *et al.*,          :

    Defendants.              :

### REPORT AND RECOMMENDATION

Plaintiff Courtney Boyd, an Alabama inmate[1] who is proceeding *pro se* and is seeking leave to proceed *in forma pauperis*[2] filed the instant action alleging violations under §1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for

---

[1] The Court notes that several inmates are listed as plaintiffs to this action. (Doc. 1). However, only inmate Boyd signed the Complaint and filed a Motion to Proceed Without Prepayment of Fees (Docs. 1, 2). Therefore, he is considered as the sole Plaintiff to this action. See Doc. 13 at 2. Furthermore, the Prison Litigation Reform Act ("PLRA") contemplates only one inmate bringing an action. Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir.) (affirming the district court's adherence to the PLRA's language when it held that "each prisoner must bring a separate suit in order to satisfy the Act's requirement that each prisoner pay the full filing fee."), cert. denied, 534 U.S. 1136 (2002).

[2] Plaintiff requested and was previously granted permission to proceed *in forma pauperis* in this action. (Docs. 7, 10). By separate Order, this status will be revoked in light of the instant Report and Recommendation.

appropriate action. For reasons set forth below, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered, after reviewing the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama, that Plaintiff has at least three actions or appeals that were previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. See Boyd v. Durant, et al., CA 02-1222 ID-CSC (M.D. Ala. Dec. 3, 2002)(frivolous), *appeal dismissed as frivolous*, (11th Cir. Apr. 25, 2003); Boyd v. Darbouze, et al., CA 06-0511-WKW-CSC (M.D. Ala.), *appeal dismissed as frivolous* (11th Cir. Oct. 15, 2008); Boyd v. Solomon, et al., CA 07-0403-MEF-CSC (M.D. Ala. July 12, 2007)(claims were either frivolous

or failed to state a claim); Boyd v. Hamm, CA 03-0194-UWC-TMP (N.D. Ala. Mar. 21, 2003) (failed to state a claim), *appeal dismissed as frivolous* (11th Cir. Feb. 19, 2004); Boyd v. Naphcare, et al., CA 03-0446-UWC-TMP (N.D. Ala. Mar. 5, 2004) (failed to state a claim).

Thus, in order to avoid the dismissal of the present action pursuant to § 1915(g), Plaintiff must satisfy the exception to § 1915(g), which requires him to show that at the time he filed the instant Complaint, he was "under imminent danger of serious physical injury." Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that the plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time).

After carefully reviewing the Complaint's allegations (Doc. 1), the Court cannot discern a claim showing that Plaintiff was under imminent danger of serious physical injury at the time he filed his Complaint. Plaintiff Complaint focuses on an incident that took place on April 26, 2011 at Atmore Work Center when, according to Plaintiff, Cadet Black cleaned the television room with a combination of muriatic acid and bleach in spite of the acid container's warnings "for exterior use only" and do "not mix with bleach." (Doc. 1 at 7). Plaintiff contends that a toxic vapor resulted causing people to leave the building and metal equipment to rust.

Even though Plaintiff relates that one inmate was taken to a "free-world" hospital because his medication caused him to have an allergic reaction when he was exposed to the vapor, Plaintiff nonetheless alleges that "[i]nmates are being denied medical treatment, because Warden Toney or whoever it is are not letting our sick call get to the nurse. We as inmates had a right to know what kind of risk we may face as a result of the acid and the mixing of the acid with bleach." (Id.). Plaintiff then requests to be compensated for pain and suffering. (Id. at 8). However, Plaintiff's Complaint is devoid of any allegations of an injury that he suffered or will suffer.

Plaintiff filed his Complaint on May 3, 2011 (Doc. 1 at 8)[3], and asserted allegations about a past incident which occurred on April 26, 2011. Plaintiff has not alleged facts sufficient to satisfy § 1915(g)'s exception that he demonstrate that he was "under imminent danger of serious physical injury." To come within the exception, Plaintiff "must allege and provide

---

[3] Under the prison mailbox rule, the Court will assume that Plaintiff actually delivered his Complaint to prison officials for mailing and filed his Complaint on May 3, 2011, the date that it was signed and dated. Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988) (delivery of prisoner's notice of appeal to prison officials for mailing to the court constitutes filing); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (applying Houston v. Lack to a prisoner's filing of a § 1983 action).

4

specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are in sufficient." Ball v. Allen, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (Granade, C.J.) (unpublished) (citation and quotation marks omitted). Inasmuch as Plaintiff has failed to allege facts demonstrating or suggesting the threat of a specific serious physical injury and iminency, he has failed to show that at the time he filed this action, he was under "imminent danger of serious physical injury." Thus, Plaintiff does not come within §1915(g)'s exception.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and did not pay the $350.00 filing fee at the time he filed this action, this action is due to be dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full "filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), cert. denied, 535 U.S. 976 (2002). Therefore, it is recommended that

this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **3rd** day of **October, 2011**.

                                                         **SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.  **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  FED.R.CIV.P. 72(b)(2).

7

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded).** Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **3rd** day of **October, 2011**.

                                                  **SONJA F. BIVINS**
                                            **UNITED STATES MAGISTRATE JUDGE**